IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 Proceeding |
| Danny Lane Keys and ) | Case No. 2:15-01650 |
| Janice Diane Keys, ) | Judge Randal S. Mashburn |
|    Debtors. ) | |

## NOTICE

THE DEBTOR HAS ASKED THE COURT FOR THE FOLLOWING RELIEF:

**APPLICATION TO EMPLOY ATTORNEY FOR DEBTOR-IN-POSSESSION**

THE DEADLINE FOR FILING A TIMELY RESPONSE IS **April 09, 2015**. IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE SET FOR **April 21, 2015**, AT **9:00 a.m.**, **COURTROOM 1**, CUSTOMS HOUSE BUILDING, 701 BROADWAY, 2ND FLOOR, NASHVILLE, TENNESSEE 37203.

**YOUR RIGHTS MAY BE AFFECTED:** If you do not want the Court to grant the attached motion, or if you want the Court to consider your views on the motion, then on or before **April 09, 2015**, you or your attorney must:

    1.    <u>File with the Court, your written response or objection explaining your position. Said written response or objection must be submitted to the Court as follows:</u>

**BY MAIL or IN PERSON**:    U.S. BANKRUPTCY COURT
                                            701 BROADWAY, 1ST FLOOR
                                            NASHVILLE, TN 37203
                                            (Monday through Friday)
                                            (8:00 a.m. to 4:00 p.m.)

**BY ELECTRONIC FILING**:    www.tnmb.uscourts.com

    2.    <u>Your response and/or objection must state the following</u>:

        a.    The deadline for filing a response is **April 09, 2015**.

b. The scheduled hearing date is **April 21, 2015** at **9:00 a.m.**, in **COURTROOM 1**, Customs House Building, 701 Broadway, 2nd Floor, Nashville, Tennessee 37203.

c. The application to which you are responding is:

**APPLICATION TO EMPLOY ATTORNEY FOR DEBTOR-IN-POSSESSION**

If you wish to have a stamp-filed copy of your response/objection, you will need to include at least one (1) extra copy of the response/objection and a self-addressed, postage pre-paid envelope to the Court.

You must also mail a copy of your response to Counsel for the Debtor at the following address:

| | | |
|---|---|---|
| Steven L. Lefkovitz | Telephone | (615) 256-8300 |
| Attorney for the Debtor | Facsimile | (615) 255-4516 |
| 618 Church St., #410 | E-Mail | www.slefkovitz@lefkovitz.com |
| Nashville, TN 37219 | | |

If a timely response/objection is filed, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE**. You may check to find out whether a timely response/objection has been filed by calling the Clerk's office at (615) 736-5584 or by viewing the case on the Court's website at www.tnmb.uscourts.gov. If you received this notice by mail, you may have three additional days in which to file a timely response under Rule 9006(f) of the Federal Rules of Bankruptcy Procedure.

If you or your attorney do not take the above-steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting the relief requested herein.

**DATED THIS 17th DAY OF April, 2015.**

/s/ *Steven L. Lefkovitz*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
) Chapter 11 Proceeding
Danny Lane Keys and ) Case No. 2:15-01650
Janice Diane Keys, ) Judge Randal S. Mashburn
    Debtors. )

## APPLICATION TO EMPLOY ATTORNEY FOR DEBTOR-IN-POSSESSION

TO THE JUDGE:

The Debtor(s) represent(s) as follows:

1. On **March 13, 2015**, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and are now operating as Debtor(s)-in-Possession.

2. The Debtors, as Debtors-in-Possession, are currently not represented by an attorney in this case and wish to employ Steven L. Lefkovitz and the law firm of Lefkovitz & Lefkovitz of 618 Church Street, Suite 410, Nashville, Tennessee 37219, as the attorney for the Debtor(s)-in-Possession in this Chapter 11 proceeding.

3. The Debtors propose to employ the above-named attorney and law firm for the following purposes;

    a. to advise the Debtors as to their rights, duties and powers as Debtors-in-Possession.

    b. to prepare and file the statements, schedules, plans, and other documents and pleadings necessary to be filed by the Debtors in this proceeding.

    c. to represent the Debtors at all hearings, meetings of creditors, conferences, trials and any other proceedings in this case; and

    d. to perform such other legal services as may be necessary in connection with this case.

4. The Debtors have made careful and diligent inquiries and is satisfied that the above-named attorney and law firm are qualified and competent to represent the Debtors as Debtors-in-Possession in this proceeding for the following reasons:

    a. the attorney, on behalf of the Debtors, has prepared and filed the petition and related documents initiating this Chapter 11 proceeding; and

    b. the attorney is admitted to practice before this Court, and is experienced in bankruptcy practice and Chapter 11 bankruptcy proceedings.

5. The Debtors have entered into a written employment agreement with the above-named attorney and law firm dated **March 13, 2015**, with respect to the services to be performed by said attorney and the compensation to be paid to the attorney for such services. A copy of the agreement is attached to this application and the Debtor(s) propose(s) to compensate the attorney at the rate set forth in this agreement, subject to the approval of the court after the rendering of such services.

6. The Debtors are informed and believe that the above-named attorney and law firm have no connection with the Debtors, their Creditors, or any other Party-of-Interest, or its respective Attorneys or Accountants. The Debtors are informed and believe that the above-named attorney and law firm do not hold or represent an interest adverse to the estate with respect to the matters on which they are employed, and that the employment of the above-named attorney and law firm is in the best interests of the estate.

7. The appointment of a Trustee has not been requested in this case and, therefore, notice of this application need not be given pursuant to Local Rule 9013-3 of the United States Bankruptcy Court for the Middle District of Tennessee and a hearing need not be held on this application unless objections are filed.

**WHEREFORE**, the Debtors respectfully request this honorable Court to enter an Order approving the employment of Steven L. Lefkovitz and the law firm of Lefkovitz & Lefkovitz as attorneys for the Debtors-in-Possession in this proceeding.

Respectfully submitted,

LEFKOVITZ & LEFKOVITZ

*/s/ Danny Lane Keys*
Danny Lane Keys, Debtor

By: */s/ Steven L. Lefkovitz*
Steven L. Lefkovitz, No. 5953
Attorney for Debtors-in-Possession
618 Church Street, Suite 410

*/s/ Janice Diane Keys*
Janice Diane Keys, Debtor

Nashville, Tennessee 37219
(615) 256-8300 fax (615) 255-4516
E-Mail: slefkovitz@lefkovitz.com

## CERTIFICATE OF SERVICE

A true and exact copy of the foregoing has been sent to Beth Roberts Derrick, Assistant U.S. Trustee, 318 Customs House, 701 Broadway, Nashville, Tennessee 37203 **via the U.S. Bankruptcy Court's Electronic Filing System**; I certify that I have sent a true and exact copy of the foregoing to the Debtor(s), all Secured Creditors and to the 20 Largest Unsecured Creditors; by U.S. Mail, postage pre-paid, on the **17th** day of **March, 2015**.

By: */s/ Steven L. Lefkovitz*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 Proceeding |
| Danny Lane Keys and ) | Case No. 2:15-01650 |
| Janice Diane Keys, ) | Judge Randal S. Mashburn |
| Debtors. ) | |

## VERIFIED STATEMENT OF ATTORNEY

**STEVEN L. LEFKOVITZ**, the undersigned, states and declares under the penalty of perjury as follows:

1. That he is an attorney admitted to practice law before the Courts of the State of Tennessee, the United States Bankruptcy Court for the Middle District of Tennessee and the United States District Court for the Middle District of Tennessee.

2. That he and the law firm of Lefkovitz & Lefkovitz have no connection with the Debtors, their Creditors, or any other Party-of-Interest in this proceeding, its respective Attorneys or Accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

3. That he and the law firm of Lefkovitz & Lefkovitz are disinterested persons, as that term is defined in the Bankruptcy Code, and do not hold or represent an interest adverse to the estate with respect to the matter on which they are proposed to be employed.

4. That he and the law firm of Lefkovitz & Lefkovitz have entered into a written agreement dated **March 13, 2015,** with the Debtor(s), regarding the services to be performed for the Debtor(s) in connection with this proceeding and the compensation to be paid for such services.

5. An Application for Order Approving Employment of Attorney has been filed with the Court in this proceeding.

6. That he and the law firm of Lefkovitz & Lefkovitz has received an initial retainer fee in this proceeding in the amount of **$10,000**, the source of which is from the personal assets of the Debtor(s).

7. That he and the law firm of Lefkovitz & Lefkovitz has agreed to bill for services as follows:

   a. **$425.00** per hour for time spent by Steven L. Lefkovitz;
   b. **$325.00** per hour for time spent by Associate Attorneys;
   c. **$100.00** per hour for time spent by Paralegals employed by the attorney;

and, the law firm of Lefkovitz & Lefkovitz shall not be permitted to draw upon any portion of the initial retainer which is property of the estate paid in this proceeding for services performed and actual and necessary expenses incurred in this proceeding except as stated herein:

   (a) Sixty (60) days following the filing of the Chapter 11 proceeding by the Debtor(s) as prescribed in 11 U.S.C. § 331 and for each 120 day period thereafter, an application for compensation setting

forth the time expended in this proceeding and the amount of expenses incurred shall be filed with the Court.

(b) From the initial retainer paid in this case, the law firm of Lefkovitz & Lefkovitz shall be permitted to deduct an amount not to exceed the pre-petition work done on behalf of the Debtors in this proceeding. Within ten (10) days after the entry of the Order for relief in this case, the law firm of Lefkovitz & Lefkovitz shall file with the Clerk of this Court a billing statement of the pre-petition work on behalf of the Debtor(s).

8. That the law firm of Lefkovitz & Lefkovitz has not shared or agreed to share any portion of the compensation paid or to be paid in connection with the case with any other persons except members or associates of the law firm or Lefkovitz & Lefkovitz.

**LEFKOVITZ & LEFKOVITZ**

By: */s/ Steven L. Lefkovitz*
Steven L. Lefkovitz, No. 5953
Attorney for the Debtor(s)-in-Possession
618 Church Street, Suite 410
Nashville, Tennessee 37219
(615) 256-8300  fax (615) 255-4516
slefkovitz@lefkovitz.com

**VERIFICATION**

I hereby certify under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

By: */s/ Steven L. Lefkovitz*

**CERTIFICATE OF SERVICE**

I hereby certify that I have sent a true and exact copy of the foregoing to Beth Roberts Derrick, Assistant U.S. Trustee, 318 Customs House, 701 Broadway, Nashville, Tennessee 37203; to the Debtor, all Secured Creditors and to the 20 Largest Unsecured Creditors, as evidenced by the attached mailing matrix; by U.S. Mail, postage pre-paid, on the **17th** day of **March, 2015**.

By: */s/ Steven L. Lefkovitz*

# AGREEMENT FOR EMPLOYMENT OF ATTORNEY

**Danny Lane Keys and Janice Diane Keys** (hereinafter the Employer(s)), and the law firm of Lefkovitz & Lefkovitz (hereinafter collectively the Attorney), agrees as follows:

The Employer(s) hereby employ(s) the Attorney to represent, advise and perform legal services for the Employer(s) on matters related to any reorganization, workout agreement, bankruptcy proceeding or similar transaction contemplated or entered into by the Employer(s), including the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code by the Employer(s).

The services to be performed by the Attorney under this contract include the following:

Provide legal advice to the Employer(s) with respect to any reorganization, workout agreement, bankruptcy proceeding or other agreement or transaction proposed or entered into by the Employer(s);

Prepare any instruments, agreements, pleadings or other documents necessary to effectuate any reorganization, workout agreement, bankruptcy proceeding or other agreements or transactions proposed or entered into by the Employer(s).

Represent the Employer(s) in any action, proceeding, trial, conference, meeting, hearing or other proceeding or transaction in which the Employer(s) is or becomes involved as a result of any reorganization, workout agreement, bankruptcy proceeding or other agreement or transaction proposed or entered into by the Employer(s).

Should the Employer(s) file a voluntary petition under Chapter 11 of the United States Bankruptcy Code, the Attorney shall, with the assistance and cooperation of the Employer(s) and his/her/their/its agents and employees, perform the following services:

(a) Prepare and file on behalf of the Employer(s) all petitions, schedules, statements, plans and other documents and/or pleadings;

(b) Attend and represent the Employer(s) at all meetings of creditors, hearings, trials, conferences and other proceedings, whether in or out of Court;

(c) Provide legal advice to the Employer(s) as to the rights, duties and powers of the Employer(s) as Debtor(s)-in-Possession in a Chapter 11 proceeding, and as to other matters arising in or related to the Chapter 11 proceeding; and

(d) Otherwise assist, advise and represent the Employer(s) on matters related to the Chapter 11 proceeding as requested by the Employer(s).

The Employer(s) agree(s) to reimburse the Attorney for all necessary expenses incurred by the Attorney in the performance of services under this contract and to compensate the Attorney for services performed under this contract as follows:

a. $425.00 per hour for time spent by Steven L. Lefkovitz;

b. $325.00 per hour for time spent by Associate Attorneys;

c. $100.00 per hour for time spent by Paralegals employed by the attorney.

The Employer(s) agree(s) to pay the Attorney a retainer in the amount of **$10,000** in cash, the source of which is from the assets of the Employer(s). The Attorney shall apply the retainer towards the fees and expenses incurred by the Attorney in the representation of the Employer(s) in this proceeding as set forth in the application filed with the Court. The Attorney shall file a fee application pursuant to 11 U.S.C. § 331 for Court approval of such fees and expenses.

The Attorney warrants that he is knowledgeable in the field of law to be dealt with in the performance of this contract; that the Attorney is experienced in bankruptcy practice and Chapter 11 reorganization proceedings; that the Attorney has no connection with the Employer(s), his/her/their/its Creditors, or any Party-of-Interest, their respective Attorneys or Accountants, the U.S. Trustee, or any person employed in the office of the United States Trustee that would preclude the Attorney from representing the Employer(s) as Debtor(s)-in-Possession in a Chapter 11 proceeding; and that the Attorney does not hold or represent an interest that would be adverse to the interest of the Employer(s) estate in a Chapter 11 proceeding.

The parties agree that the Attorney may retain other attorneys as consultants on matters relating to this contract, and the Employer(s) agree(s) to compensate these attorneys for services rendered on the Employer(s) behalf at the rates set forth in paragraph 3 of this contract, provided that no services shall be performed by any other attorney without the prior written consent of the Employer(s) to the employment of the Attorney. **Further, said appointment of any additional counsel shall be done so by an appropriate order of the court and, in compliance with the provisions of 11 U.S.C. § 327 and FRBP 2014.**

The Attorney agrees to fully account for all Attorney and Paralegal time performed under this contract and to permit the Employer(s) to periodically review the work performed under this contract and the records thereof maintained by the Attorney.

Either party may terminated this contract at any time, subject to the approval of the Court, if necessary.

**IN WITNESS WHEREOF,** the parties have executed this contract on the **17th day of March, 2015.**


*/s/ Danny Lane Keys*
Danny Lane Keys, Debtor

*/s/ Janice Diane Keys*
Janice Diane Keys, Debtor




*By: /s/ Steven L. Lefkovitz,* No. 5953
STEVEN L. LEFKOVITZ, ESQ.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: )
) Chapter 11 Proceeding
Danny Lane Keys and ) Case No. 2:15-01650
Janice Diane Keys, ) Judge Randal S. Mashburn
   Debtors. )

## ORDER APPROVING EMPLOYMENT OF ATTORNEY

**THIS MATTER** comes before the Court upon the application of the Debtor(s)-in-Possession for an order approving the employment of Steven L. Lefkovitz and the law firm of Lefkovitz & Lefkovitz as attorneys for the Debtor(s)-in-Possession, which application was accompanied by a verified statement in compliance with Bankruptcy Rule 2014 (a) signed by Steven L. Lefkovitz.

**IT APPEARS** to the Court that copies of said application and verified statement has been served upon the U.S. Trustee for the Middle District of Tennessee as required by Bankruptcy Rules 2014 (a) and 9034 and to all applicable Creditors and Parties-of-Interest pursuant to Local Rule 2014-1; that the U.S. Trustee has not filed an objection to the application, that further notice of the application need not be given; and that a hearing on the application is neither required nor is it necessary.

**IT FURTHER APPEARS** to the Court that the proposed attorney for the Debtor(s)-in-Possession has been admitted to practice before this Court, and does not hold or represent an interest adverse to the estate with respect to matters on which he and the law firm of Lefkovitz and Lefkovitz are to be employed, has no disqualifying connection with the Debtor(s), his/her/their/its Creditors, or any other Party-in-Interest, his respective attorneys and accountants, the U.S. Trustee, or any employee in the office of the United States Trustee, and that the employment of said attorney is necessary and in the best interest of the estate.

PROPOSED ORDER

IT IS THEREFORE ORDERED that the employment of Steven L. Lefkovitz and the law firm of Lefkovitz & Lefkovitz in the above-referenced Chapter 11 bankruptcy proceeding is hereby **GRANTED**.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

APPROVED FOR ENTRY:

**LEFKOVITZ & LEFKOVITZ**

By: /s/ *Steven L. Lefkovitz*
Steven L. Lefkovitz, No. 5953
Attorney for the Debtors
618 Church St., #410
Nashville, TN 37219
(615) 256-8300   fax (615) 255-4516
slefkovitz@lefkovitz.com

PROPOSED ORDER